FILED
CLERK
10:20 am, Feb 13, 2023
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
───────────────────────────────X

LINDA MACHADO and FABIAN MACHADO,

               Plaintiffs,

    -against-

HERSHEY ENTERTAINMENT AND RESORTS
COMPANY and PENN STATE HEALTH –
WILLIAM H. HERSHEY MEDICAL CENTER,

               Defendants.
───────────────────────────────X

For Online Publication Only

**ORDER**
21-CV-6434 (JMA) (ST)

**AZRACK, United States District Judge:**

Before the Court are motions filed by Defendants Hershey Entertainment and Resorts ("HERC") and Penn State Health Milton S. Hershey Medical Center[1] (the "Medical Center" and together with HERC, "Defendants") that seek dismissal for lack of personal jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), or in the alternative, to transfer venue pursuant to 28 U.S.C. § 1404(a). (ECF Nos. 22 & 23 (Defendants' Motions)). For the reasons set forth herein, the Court transfers this action to the United States District Court for the Middle District of Pennsylvania.

## I. BACKGROUND

The following facts, set forth in the Complaint and the attached exhibits, are presumed true for purposes of Defendants' motions to dismiss.

Plaintiffs Linda Machado ("Linda") and Fabian Machado ("Fabian" and together with Linda, the "Machados" or "Plaintiffs") are a married couple who reside in Huntington, New York. (See Complaint ("Compl.") ECF No. 1-1, ¶¶ 5-7).

---

[1] The Complaint incorrectly captions the Medical Center as "Penn State Health – William H. Hershey Medical Center."

Both Defendants are Pennsylvania companies[2] with their principal places of business in Hershey, Pennsylvania. (Id. ¶¶ 1, 3.) HERC owns, operates, and manages multiple entertainment and lodging facilities in Hershey, Pennsylvania – including Hershey Park and the Hershey Hotel – that are open to, and patronized by "residents of New York and residents of other states within the United States." (Id. ¶¶ 2, 8-9.) The Medical Center owns, operates, and manages a hospital that, according to Plaintiffs "is an adjunct medical facility affiliated with [HERC]." (Id. ¶ 4.)

On the Hershey Hotel's property is a restaurant and bar known as the Harvest Restaurant ("Harvest"), which is accessible by a sidewalk allegedly owned, operated, and maintained by HERC. (Id. ¶¶ 10-11.) On or about August 30, 2021, Linda tripped and fell while walking on the sidewalk towards Harvest. (Id. ¶ 12.) As a result, Linda sustained a concussion and a gash above her left eye, necessitating her immediate transfer to the Medical Center. (Id. ¶¶ 12, 19.) Notwithstanding her injuries, the Medical Center allegedly "did not treat [Linda], who was confined to a hospital bed and discharged the following day after spending eleven hours in an emergency room and complaining of lack of treatment." (Id. ¶ 20.) This failure allegedly resulted in scarring and disfigurement, which will require corrective plastic surgery. (Id. ¶ 21.)

Based on the above, Plaintiffs initiated this action in the New York Supreme Court, Suffolk County, on September 24, 2021. (See Compl.) The Complaint asserts negligence claims on Linda's behalf and loss of consortium claims on Fabian's behalf. (Id.) In total, Plaintiffs seek approximately $2.6 million in damages. (Id.) On or about November 18, 2021, HERC removed the lawsuit to this Court based on diversity jurisdiction. (See generally ECF No. 1.)[3] On May 10,

---

[2] While the Complaint generally refers to each Defendants as a "company," it does not specify either Defendant's actual corporate structure (i.e. – corporation, partnership, limited liability company, etc.).

[3] Counsel for HERC inadvertently filed the Notice of Removal on behalf of both Defendants, but in a November 24, 2021 letter motion to the Court pursuant to Local Rule 1.4, clarified the inadvertent action and sought leave to withdraw on behalf of the Medical Center. (See ECF No. 7.) Notwithstanding the inadvertent action on behalf of both Defendants, the Medical Center did not object to the removal.

2

2022, this Court directed the parties to proceed with briefing and filing the instant motions. (See May 10, 2022 Electronic Order.)

For the following reasons, the Court finds that it cannot exercise personal jurisdiction over the Defendants. The Court grants Defendants' motions for transfer of venue and transfers this action to the Middle District of Pennsylvania.

## II. DISCUSSION

### A. Legal Standard

Motions to dismiss for lack of personal jurisdiction and improper venue are evaluated using the same legal standard. Williams v. Preeminent Protective Servs., Inc., 81 F. Supp. 3d 265, 269 (E.D.N.Y. 2015) (citing Gulf Ins. Co. v. Glasbrenner, 417 F.3d 353, 355 (2d Cir. 2005)). In each case, the burden rests with the plaintiff to demonstrate that venue and jurisdiction are proper. Id. (citing CutCo Indus., Inc. v. Naughton, 806 F.2d 361, 364-65 (2d Cir. 1986)); see also Metro. Life Ins. Co. v. Robertson–Ceco Corp., 84 F.3d 560, 566 (2d Cir. 1996)).

"The showing a plaintiff must make to meet [this] burden is governed by a sliding scale, which varies depending on the procedural posture of the litigation." Dorchester Fin. Sec., Inc. v. Banco BRJ, S.A., 722 F.3d 81, 84 (2d Cir. 2013) (quoting Ball v. Metallurgie Hoboken–Overpelt, S.A., 902 F.2d 194, 197 (2d Cir. 1990)). At the pre-discovery stage, a plaintiff need only make a prima facie showing of jurisdiction through allegations in the complaint or plaintiff's own affidavits and supporting materials. Metro. Life Ins. Co., 84 F.3d at 566 (citing Ball, 902 F.2d at 197); see also Williams, at 269 ("plaintiffs satisfy [their] burden by pleading facts sufficient to demonstrate a prima facie showing of jurisdiction or venue by way of the complaint's allegations, affidavits, and other supporting evidence, which are evaluated in the light most favorable to them."); Jazini v. Nissan Motor Co., 148 F.3d 181, 185 (2d Cir. 1998) ("A prima facie case requires

3

non-conclusory fact-specific allegations or evidence showing that activity that constitutes the basis of jurisdiction has taken place.")

On a motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2), the Court may look beyond the four corners of the complaint and consider materials outside of the pleadings, including accompanying affidavits, declarations, and other written materials. MTS Logistics, Inc. v. Innovative Commodities Grp., LLC, 442 F. Supp. 3d 738, 742 (S.D.N.Y. 2020) (citing MacDermid, Inc. v. Deiter, 702 F.3d 725, 727 (2d Cir. 2012)). The allegations in the complaint are presumed true only to the extent they are uncontroverted by the defendant's affidavits." Id. (citing MacDermid, 702 F.3d at 727) (citation omitted).

**B. Personal Jurisdiction**

Courts in this District apply New York law to determine whether if there is personal jurisdiction over a defendant. Spiegel v. Schulmann, 604 F.3d 72, 76 (2d Cir. 2010) ("A district court's personal jurisdiction is determined by the law of the state in which the court is located.") This two-part inquiry asks whether New York state law would allow the Court to exercise personal jurisdiction over the defendant and whether exercising that jurisdiction would be permissible under the Due Process Clause of the Fourteenth Amendment. Williams, 81 F. Supp. 3d at 270 (citing Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez, 305 F.3d 120, 124 (2d Cir. 2002)).

"A court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 919, 131 S. Ct. 2846, 2851 (2011) (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 317 (1945)).

Plaintiffs point to two provisions of the New York long arm statute that they say subject

Defendants to jurisdiction here.  First, the Machados claim that the Defendants are subject to general personal jurisdiction.  See N.Y. C.P.L.R. § 301.  Second, Plaintiffs claim that Defendants "transacted business" in New York and committed "tortious act[s]" that "caus[ed] injury to person or property within [New York]," both of which subject Defendants to specific personal jurisdiction.  See N.Y. C.P.L.R. § 302(a).  Plaintiffs' arguments are unavailing.

    **1. General Jurisdiction under C.P.L.R. § 301**

New York's C.P.L.R. § 301 ("Section 301") allows courts to invoke that jurisdiction where corporations have engaged in "such a continuous and systematic course of 'doing business' [in the state] that a finding of [their] 'presence' [there] is warranted." See Landoil Res. Corp. v. Alexander & Alexander Servs., Inc., 77 N.Y.2d 28, 33 (1990).

The Supreme Court, however, has cautioned that general jurisdiction only extends beyond an entity's state of incorporation and principal place of business in "exceptional" cases, and exerting it over corporations in states where those corporations are not "essentially at home" may violate the Due Process Clause.  See Daimler AG v. Bauman, 571 U.S. 117, 122 (2014) (quoting Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 919 (2011)); Sidik v. Royal Sovereign Int'l., Inc., No. 17-cv-7020, 2020 WL 5441306, at *3 (E.D.N.Y. Sept. 10, 2020) ("Only in the 'exceptional case' will 'a corporation's operations in a forum other than its formal place of incorporation or principal place of business…be so substantial and of such a nature as to render the corporation at home in the state.'" (internal citations omitted)).

Here, the Court may quickly dispose of this issue because the record reveals no evidence or support for general jurisdiction over the Defendants.  Defendants are a pair of "legally formed compan[ies], organized to do business in the state of Pennsylvania" with their principal places of business in Hershey, Pennsylvania.  (Compl. ¶¶ 1, 3.)  The Complaint alleges that the Court has

5

general jurisdiction over both Defendants based on: (i) HERC's alleged solicitation of "the residents of the State of New York and other states within the United States" to patronize its entertainment facilities and hotels; and (ii) the "belief" that the Medical Center "is an adjunct medical facility affiliated with [HERC]." (Id.) These allegations are insufficient to establish that Defendants are "essentially at home" in New York. See Century Sports, Inc. v. Ross Bicycles, LLC, No. 19-cv-4842, 2021 WL 1108639, at *3 (E.D.N.Y. Mar. 23, 2021) (finding allegations that this Court had general jurisdiction over a Delaware-registered LLC with a Nevada address based on its "transact[ing] business in the State of New York and this District," and "commit[ing] tortious acts within the State, and/or without the State causing injury within the state" were insufficient to confer jurisdiction); Kerman v. InterContinental Hotels Group Resources LLC, No. 20-cv-1085, 2021 WL 930253, at *1 (E.D.N.Y. Mar. 11, 2021) (finding allegations that the defendant is "authorized to do business in the State of New York" and "has a "massive presence" in the state did "not elevate Defendant's relationship with New York to the level of 'essentially at home'" where the plaintiff did not contend the defendant's "operations were directed from New York").

Moreover, to the extent the Complaint seeks to confer jurisdiction over Defendants based on HERC's alleged use of television and internet advertisements to solicit New York residents to patronize its entertainment facilities and hotels, such contacts do not rise to the level of "truly exceptional case" so as to justify treating Defendants as "essentially at home" in New York. See Nixon v. Inquisitr Ltd., No. 20-cv-1819, 2021 WL 3667154, at *4 (E.D.N.Y. Aug. 17, 2021); Kerman, 2021 WL 930253, at *3 (dismissing a slip-and-fall claim against a hotel chain, despite the plaintiff's allegation that the defendant's contacts with New York were "directed at advertising and drawing business to [its] establishments world-wide," because "the duty, breach, and injury

6

all arose or transpired in the foreign forum" where the plaintiff fell). In any case, Plaintiffs have made no showing of "exceptional" circumstances that would render either Defendant "at home" in New York. The Court thus lacks general jurisdiction over either Defendant under Section 301.

## 2. Specific Jurisdiction under C.P.L.R. § 302(a)(1)

Under Section 302(a)(1), specific jurisdiction exists when a defendant "transacts business within the state" and the plaintiff's claim "arises out of defendant's business activity in the state." Sole Resort, S.A. de C.V. v. Allure Resorts Management, LLC, 450 F.3d 100, 103 (2d Cir. 2006). Transacting business must consist of purposeful commercial activity. Chloe v. Queen Bee of Beverly Hills, L.L.C., 616 F.3d 158, 170 (2d Cir. 2010). Purposeful activities "are those with which a defendant, through volitional acts, avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." Fischbarg v. Doucet, 9 N.Y.3d 375, 380 (2007). The New York Court of Appeals has instructed that not every "transaction," however, will give rise to jurisdiction under Section 302(a)(1). DH Servs., LLC v. Positive Impact, Inc., No. 12-cv-6153, 2014 WL 496875, at *3 (S.D.N.Y. Feb. 5, 2014) (citing SPCA of Upstate New York, Inc. v. Am. Working Collie Ass'n, 18 N.Y.3d 400, 404 (2012)).

Specifically, a plaintiff must also establish "some articulable nexus between the business transacted and the cause of action sued upon." Id. A court must consider "the totality of all defendant's contacts with the forum state must indicate that the exercise of jurisdiction would be proper." Grand River Enterprises Six Nations, Ltd. v. Pryor, 425 F.3d 158, 166 (2d Cir. 2005). Ultimately, "it is the quality of the defendant['s] New York contacts that is the primary consideration" when determining whether jurisdiction is appropriate under Section 302(a)(1). Licci ex rel. Licci v. Lebanese Canadian Bank, SAL, 673 F.3d 50, 62 (2d Cir. 2012) ("nature and quality, and not the amount of New York contacts [which] must be considered by the court.").

Applying these standards to the allegations at hand, the Court finds that Plaintiffs have failed to plead facts sufficient to permit the exercise of jurisdiction over Defendants pursuant to Section 302(a)(1). Initially, Plaintiffs' Section 302(a)(1) jurisdictional claim against HERC is predicated on HERC's solicitation of business to New York residents through internet and television advertisements but lacks any specific facts regarding HERC's in-state business operations. (See Compl. ¶¶ 2, 9; Plaintiffs' Opposition ("Pl. Opp."), ECF No. 22-4.) Without more, these allegations are insufficient to exercise Section 302(a)(1) jurisdiction over HERC.

For one, the "mere existence of a commercial website is insufficient to support exercising personal jurisdiction over a foreign defendant" under Section 302(a)(1). Lindsey Adelman Studio LLC v. Lucretia Light. Pty, Ltd, No. 21-cv-9423, 2022 WL 4367399, at *1 (S.D.N.Y. Sept. 21, 2022); see also ISI Brands v. KCC Int'l, Inc., 458 F. Supp. 2d 81, 87-88 (E.D.N.Y. 2006) ("[T]he existence of an interactive "patently commercial" website that can be accessed by New York residents is not sufficient to justify the exercise of personal jurisdiction unless some degree of commercial activity occurred in New York."); Savage Universal Corp. v. Grazier Const., Inc., No. 04-cv-1089, 2004 WL 1824102, at *9 (S.D.N.Y. Aug. 13, 2004) ("It stretches the meaning of "transacting business" to subject defendants to personal jurisdiction in any state merely for operating a website, however commercial in nature, that is capable of reaching customers in that state, without some evidence or allegation that commercial activity in that state actually occurred."). These principles, when combined with Plaintiffs' failure to articulate any specific facts regarding HERC's purported solicitation of business via the internet, lead the Court to find that they have failed to establish a basis for exercising Section 302(a)(1) jurisdiction over HERC.

Plaintiffs have similarly failed to plead that HERC "transacted business" in New York when it paid for local television advertisements. Indeed, "the overriding criterion necessary to

establish a transaction of business is some act by which the defendant purposefully avails itself of the privilege of conducting activities within New York." V Cars, LLC v. Israel Corp., 902 F. Supp. 2d 349, 360 (S.D.N.Y. 2012) (quoting Licci, 673 F.3d at 61). Here, Plaintiffs neither allege that HERC intended to, or did conduct any of its business activities in New York – only that it sought to solicit people to patronize its Pennsylvania-based entertainment facilities. (See Compl. ¶¶ 2, 9.) Plaintiffs' alternate basis for conferral of the Court's Section 302(a)(1) jurisdiction fails as well.[4]

Plaintiffs' attempt to exercise Section 302(a)(1) jurisdiction over the Medical Center fails for similar reasons. Plaintiffs insist that the Medical Center and HERC are related corporate entities and that, as such, if there is jurisdiction over HERC there would also be jurisdiction over the Medical Center. This argument is meritless. As an initial matter, Plaintiffs' conclusory and unsupported claim that the two Defendants are related corporate entities fails as a factual matter. Moreover, even if they were related, as explained above, the Court lacks jurisdiction over HERC and, thus, would also lack jurisdiction over the Medical Center upon this theory. Additionally, any arguments that the Medical Center's own actions establish jurisdiction also fail. Plaintiffs have not pled that the Medical Center "transacts business" within New York, or that Plaintiffs' claims arise out of these purported business transactions. See Chloe, 616 F.3d at 170; Sole Resort, 450 F.3d at 103. It is undisputed that the Medical Center is only licensed as a healthcare provider in Pennsylvania and does not physically conduct any business in or with New York. For these reasons, the Court finds that it lacks personal jurisdiction over Defendants pursuant to Section 302(a)(1).

---

[4] As Plaintiffs have failed to establish that HERC "transacted business" within New York for purposes of Section 302(a)(1) jurisdiction, it is not necessary to evaluate the extent to which their injuries arise out of HERC's "business activity" within New York. See Sole, 450 F.3d at 103.

### 3. Specific Jurisdiction under C.P.L.R. § 302(a)(2)

Under Section 302(a)(2), specific jurisdiction exists over a non-domiciliary defendant who commits a tortious act within New York State. N.Y. C.P.L.R. § 302(a)(2); see also Sidik, 2020 WL 5441306, at *4. The Second Circuit has consistently reaffirmed this principle, namely that a "defendant's physical presence in New York is a prerequisite to jurisdiction under § 302(a)(2)." Bonhac World Corp. v. Mellin Works LLC, No. 21-cv-9239, 2023 WL 346950, at *4 (S.D.N.Y. Jan. 20, 2023) (quoting Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez, 171 F.3d 779, 790 (2d Cir. 1999)); see also Bensusan Restaurant Corp. v. King, 126 F.3d 25, 29 (2d Cir. 1997).

Here, Plaintiffs contend that the actions or omissions giving rise to the instant action occurred in Pennsylvania, and that they were not injured while present in New York. (See Compl. ¶¶ 12-14, 19-20.) The Court thus lacks Section 302(a)(2) specific jurisdiction over Defendants.

### 4. Specific Jurisdiction under C.P.L.R. § 302(a)(3)

Under Section 302(a)(3), specific jurisdiction exists over a non-domiciliary defendant if that defendant commits a tortious act outside of New York that causes injury inside New York; and, if the defendant either: (i) "regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods or consumed or services rendered, in the state"; or (ii) "expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce." N.Y. C.P.L.R. § 302(a)(3); see also D'Anzieri v Harrison Glob. LLC, No. 21-cv-8506, 2022 WL 17404254, at *6 (S.D.N.Y. Dec. 2, 2022); Sidik, 2020 WL 5441306, at *4-5; Muraco v. Sandals Resorts Int'l, No. 14-cv-4896, 2015 WL 9462103, at *3 (E.D.N.Y. Dec. 28, 2015). Specifically, Section 302(a)(3) jurisdiction may only be conferred unto a non-domiciliary when the first effect of the tort is felt in New York, even if the tort is committed outside of New York. See DiStefano

v. Carozzi N. Am., Inc., 286 F.3d 81, 84-85 (2d Cir. 2001); see also Mareno v. Rowe, 910 F.2d 1043, 1046 (2nd Cir. 1990).

Here, because Plaintiffs appear to allege jurisdiction solely under Section 302(a)(3)(i), they must show that each Defendant: (1) committed a tortious act outside of New York that caused injury inside New York; and (2) "regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods or consumed or services rendered" in New York.

Plaintiffs' Complaint is insufficient to confer this Court's Section 302(a)(3)(i) jurisdiction. Initially, the original events that allegedly caused Plaintiffs' injuries – namely, HERC's negligence and the Medical Center's nontreatment of Linda's injuries – as well as the "first effects" of those events both undisputedly occurred in Pennsylvania, not New York. (See Compl. ¶¶ 12-14, 19-20.) These facts, by themselves, preclude this Court from exercising specific jurisdiction over Defendants pursuant to Section 302(a)(3)(i).

Even if Plaintiffs could demonstrate that Defendants committed tortious acts outside of New York causing injuries within New York, they have not alleged that either Defendant conducts substantial business in New York to justify conferring jurisdiction under Section 302(a)(3)(i). To begin with, Plaintiffs have not established that HERC, which operates, and provides services solely within Pennsylvania "discernibly attempted to serve the New York market," rather than advertise its solely Pennsylvania-based business. See Century Sports, 2021 WL 1108639, at *5 (citing Aaron Consulting Co. v. Snap Sols. LLC, No. 16-cv-6775, 2018 WL 4568800, at *7 (E.D.N.Y. Sept. 24, 2018)). Section 302(a)(3)(i) jurisdiction over the Medical Center is similarly inappropriate because Plaintiffs have failed to plausibly plead that the Medical Center, which only operates a hospital and emergency department in Hershey, Pennsylvania, and does not outwardly

11

solicit its services, otherwise "conducted business" outside of Pennsylvania. Based on these pleading failures, the Court finds that it cannot exercise specific jurisdiction over either Defendant pursuant to Section 302(a).

C. **Improper Venue and Motion to Transfer**

"Because the Court has determined that it lacks both general and specific personal jurisdiction over Defendants, venue is not proper pursuant to 28 U.S.C. § 1391(b)(1)." Bartosiewicz v. Nelsen, No. 6:20-cv-06513, 2021 WL 4451445, at *8 (W.D.N.Y. Sept. 29, 2021) (citing Powell v. Monarch Recovery Mgmt., No. 15-cv-2162, 2016 WL 8711210, at *7 (E.D.N.Y. Jan. 22, 2016)). Venue is further improper because, as discussed above, none of the events or omissions giving rise to Plaintiffs' claims occurred in the Eastern District of New York. Id. The Second Circuit has explained that venue is proper if significant events or omissions material to a plaintiff's claim occurred in the chosen district. Id. (internal citations and quotations omitted).

"After [a] determination that the Court lacks personal jurisdiction over Defendant, the Court looks to 28 U.S.C. § 1406(a), which provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Id. (internal quotations omitted). "Courts enjoy considerable discretion in deciding whether to transfer a case in the interest of justice." Id. (citing Daniel v. Am. Bd. of Emergency Med., 428 F.3d 408, 435 (2d Cir. 2005)).

Here, it is undisputed that this Court is accorded broad discretion to either dismiss this case or transfer it another district where both venue is proper, and jurisdiction exists over the Defendants. The Medical Center[5] argues that, based on the Court's above conclusions, as well as

---

[5] Neither HERC nor Plaintiffs address, or object to transferring venue in their papers.

12

the fact that both Defendants reside in the Middle District of Pennsylvania, and a substantial part of events or omissions giving rise to the claims occurred in Pennsylvania sufficient to satisfy 28 U.S.C. § 1391(a) and (b) and 28 U.S.C. § 1406(a), this matter should be transferred the United States District Court for the Middle District of Pennsylvania.  (See generally ECF No. 22-2.)  The Court agrees.  See Bartosiewicz, 2021 WL 4451445, at *9 (granting transfer where, despite "limited briefing," defendant's place of residence and where a substantial part of events took place were "clear from the record.")  Accordingly, the Court exercises its discretion to transfer this action to the Middle District of Pennsylvania.

## **CONCLUSION**

For the foregoing reasons, the Court finds that it cannot exercise personal jurisdiction over the Defendants. The Court grants Defendants' motions for transfer of venue and transfers this action to the Middle District of Pennsylvania.

**SO ORDERED.**

Dated:  February 13, 2023
       Central Islip, New York

                                                                /s/ (JMA)
                                            JOAN M. AZRACK
                                            UNITED STATES DISTRICT JUDGE